W. L. Shore, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket Nos. 56187, 59785.   Promulgated June 13, 1932.

Ray G. Ransom, C. P. A., and H. L. Washington, Esq., for the petitioner.
T. M. Mather, Esq., and R. H. Transue, Esq., for the respondent.

#### OPINION.

Lansdon: The respondent asserts deficiencies in income tax for the years 1928 and 1929 in the respective amounts of $1,763.51 and $375.79.  The only issue involved is whether the respondent erroneously increased the petitioner's income by adding thereto in each of such years an amount alleged to have been received by his wife as royalty on her interest in a certain oil and gas lease.

Petitioner is an individual, residing at Oxford, Kansas, where he is the owner in fee of 210 acres of land.  In the years 1923 and 1926, he executed oil and gas leases on such lands in the usual terms of such instruments, reserving therein one-eighth of all oil and gas produced therefrom as his royalty.

Attached to the first lease was an additional provision as follows: " One-half of all the rentals for oil and gas and other rentals to be paid to Hattie M. Shore and the other half to W. L. Shore."

The following provision in addition to the usual terms was attached to the lease executed in 1926: " One-half of all rental to be paid to William L. Shore and the other half to Hattie M. Shore, his wife."

During the taxable years 1928 and 1929 the respective amounts of $19,672.77 and $11,559.72 were paid to Hattie M. Shore in conformity with the provisions above set out, and such amounts were reported by her on her separate income-tax returns for such years as elements of her gross income.  Upon audit the Commissioner allowed deductions for each year on account of depletion that reduced royalties received to the respective amounts of $14,262.72 and $4,273.72, and added such amounts to the income reported by the petitioner for the respective taxable years.  He also made other small adjustments not at issue here and determined the deficiencies in controversy.

The only question submitted to the Board is whether the language in the lease contracts quoted above conveys a present interest in income-producing property or is a mere direction to govern the lessee in distributing the royalties accruing during the term of the lease. Although each lease contains the names of W. L. Shore and Hattie M. Shore as lessors and each is signed by both husband and wife, it is

nowhere contended that Hattie M. Shore owned any interest in the 'fee of the land and the action of the petitioner is in no way based on what may be the rights of a wife in land owned by her husband when both are domiciled in Kansas. In our opinion the language relied on can not be regarded even as a constructive transfer of income-producing property and effects no other result than an assignment of petitioner's income to one who has no interest in the productive asset. *Julius Rosenwald*, 12 B. T. A. 350; *Rosenwald v. Commissioner*, 33 Fed. (2d) 423; *Hazel T. Power*, 23 B. T. A. 428.

*Decision will be entered under Rule 50.*